

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
09/14/2015

| | | |
|---|---|---|
| IN RE: | § | |
| MARCOS F. LOPEZ; aka LOPEZ; dba LOPEZ | § | CASE NO: 09-70659 |
| NURSERY & LANDSCAPING; aka OLGA'S | § | |
| BASKETS & FLOWERS; aka LOPEZ, *et al* | § | |
|     Debtor | § | |
| | § | CHAPTER  13 |
| | § | |
| MARCOS F. LOPEZ | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 13-07019 |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC. | § | |
|     Defendants | § | |

**MEMORANDUM OPINION REGARDING THE ADMISSIBILITY OF DISPUTED
DOCUMENTARY EVIDENCE**

**I. INTRODUCTION**

Before this Court is a dispute over the admissibility of several exhibits offered for the

purpose of supporting Plaintiff's Motion for Sanctions.  [Case No. 13-07019; ECF No. 54].  All

proposed exhibits are related to a case from a foreign state jurisdiction, hold similar facts to the

present adversary proceeding, and involve Defendant. For the reasons set forth, this Court shall

admit Plaintiff's Exhibits P-134, P-136, P-137, P-138, P-139, P-140, P-141, and P-142 and not

admit Exhibits P-133, P-135, P-143, and P-144.

***A. Factual Findings***

To the extent that any of the following findings of fact constitute conclusions of law, they

are adopted as such. To the extent that any of the following conclusions of law constitute

findings of fact, they are adopted as such.

    1.      This is an adversary proceeding between Plaintiff Marcos F. Lopez and Defendant

Portfolio Recovery Services ("PRA") on five counts, but all of which stem from Defendant's alleged behavior in contacting Plaintiff nearly one-thousand times in an attempt to collect on a debt while Plaintiff was in bankruptcy. Plaintiff alleges violations of the automatic stay, the Chapter 13 confirmed plan, the Fair Debt Collection Practices Act, the Texas Debt Collection Act, and the tort of unreasonable debt collection. [ECF No. 97-1].

2.      During this adversary proceeding, Plaintiff asserted that Defendant had not complied with discovery, leading Plaintiff to file a Second Motion to Compel and for Contempt Sanctions ("First Motion for Sanctions") on May 16, 2014. [ECF No. 30]. The First Motion for Sanctions was heard by this Court on May 20, 2014. [ECF No. 46]. There, this Court ordered full compliance with its previous Order compelling discovery production, [ECF No. 23], allowed Plaintiff to retake a deposition, and ordered fee shifting for the First Motion for Sanctions. [ECF No. 46].

3.      Unsatisfied with PRA's subsequent discovery conduct, Plaintiff again requested sanctions in a Motion for Sanctions ("Second Motion for Sanctions"). [ECF No. 54]. Plaintiff's allegations essentially assert that Defendant has still withheld requested discovery documents, put up incompetent or "no-show" witnesses, and otherwise stonewalled the discovery process. *Id.* Plaintiff's Second Motion for Sanctions gives rise to this immediate dispute over the admissibility of evidence in support thereof.

4.      On August 04, 2015, this Court held a hearing on the Second Motion for Sanctions. In support of his argument, Plaintiff sought to introduce evidence of PRA's continued misconduct. The evidence included, among other things, a copy of a foreign state sanctions judgment and documents related thereto.

5.      The state case being offered as evidence is *Portfolio Recovery Associates LLC v.*

*Mejia*, Case No. 1216-CV34184 (16th Cir. Ct. Mo. 2014).

 6. During the August 04, 2015 hearing, this Court took Plaintiff's Exhibits 133-144

under advisement.

 7. The disputed exhibits for admission, all related to *Mejia*, are as follows:

a. A Kansas City news article, dated May 15, 2015, covering the award of damages in *Mejia*.  [Ex. P-133].
b. A copy of the *Mejia* docket report from the Missouri Courts website.  [Ex. P-134].
c. A copy of Mejia's Answer to PRA's Complaint.  [Ex. P-135].
d. A copy of Mejia's Motion to Enforce discovery proceedings.  [Ex. P-136].
e. A copy of Mejia's Suggestions to support the Motion to Enforce.  [Ex. P-137].
f. A copy of an Order regarding discovery.  [Ex. P-138].
g. A copy of Mejia's Combined Suggestions.  [Ex. P-139].
h. A copy of the court's Order sanctioning PRA in *Mejia*.  [Ex. P-140].
i. A copy of Mejia's Third Motion for Sanctions.  [Ex. P-141].
j. A copy of the court's Order and Judgment sanctioning PRA and ruling in favor of Mejia.  [Ex. P-142].
k. A copy of the jury's instructions at trial.  [Ex. P-143].
l. A copy of the jury award at trial.  [Ex. P-144].

## II. ANALYSIS

### A. Jurisdictional and Constitutional Authority

 The issue for current consideration involves the admissibility of evidence to support the allegation that Defendant's actions are sanctionable. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157(b)(2), 1334(b), and 105. This Court also has an independent duty to evaluate whether it has the constitutional authority to sign a final order regarding the confirmation hearing. *Stern v. Marshall*, 131 S. Ct. 2594 (2011).  The Supreme Court held that a statute authorizing bankruptcy judges to issue final judgments violated Article III to the extent that it authorized such final judgments on certain matters.  *Id.* at 2616.  The Court found that the particular bankruptcy ruling in dispute did not stem from bankruptcy itself, nor would it necessarily be resolved in the claims allowance process, and it only rested in a state law counterclaim by the estate.  *Id.* at 2618.  The Court then found that a solely state law based

counterclaim, while statutorily within the bankruptcy judge's purview, escaped a bankruptcy court's constitutional power. *Id.* at 2620. This Court reads *Stern* to authorize final judgments only where the issue is rooted in a right created by federal bankruptcy or the resolution of which relies on the claims allowance process. In other words, this Court may issue final judgments and orders where the issue "arises in" or "arises under" bankruptcy, but not where the issue is merely "related to" bankruptcy. *See* 28 U.S.C. § 157. The integrity of the discovery process helps to fully apprise a bankruptcy court as to whether a merited and jurisdictionally proper claim stands before it. *See In re Allison*, 2006 WL 2620480 at *7 (Bankr. S.D. Tex. Sep. 12, 2006) ("At a minimum, a bankruptcy court has jurisdiction to determine its own jurisdiction."); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("discovery itself is designed to help define and clarify the issues."). Therefore, this Court has the constitutional and jurisdictional authority to determine the admissibility of documents offered to support allegations of discovery abuse.

**B. Discussion**

### *Guiding Principles*

Because Plaintiff is offering items of evidence here to support a motion for sanctions, the principles for issuing sanctions will be considered in conjunction with the principles of evidentiary admission. This Court's power to sanction rests in its inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]… [and] tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Additionally, this Court has further statutory authority to apply sanctions under Rule 37 for failure of a party to attend deposition, failure to disclose documents covered by the discovery

process, and failure to obey a court order.  Fed. R. Civ. P. 37.

A court must also consider the suitability of the particular sanctions as applied to the party's specific conduct. A court imposes discovery sanctions to (1) secure compliance with the rules of discovery, (2) deter others from violating them, and (3) punish those who violate them. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Additionally, the Supreme Court held that Rule 37(b)(2) sanctions, which this Court is pressed to utilize, are guided by two standards: a general standard and a specific standard. *Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 707 (1984). In generality, the sanctions must be "just," and in specificity, the sanctions must be related to the particular claim at issue in the discovery order. *Id.* at 707.

The Federal Rules of Evidence require that evidence be "relevant." Fed R. Evid. 402. However, even relevant evidence may be excluded where the item's "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403. The Federal Rules also permit a party to proffer evidence of past wrongs or other acts when the purpose of the evidence is not propensity, but to demonstrate other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1-2).

### *Admissibility of the Evidence*

Here, the items for admission into evidence will be relevant where they may be instructive as to Defendant's abusive conduct in *this* adversary proceeding or to other facts that are applicable to the standards for sanctions. However, this Court must also be mindful of significant prejudicial effects.

J. *Copy of the court's Order and Judgment sanctioning PRA* - (Ex. P-142)

Since the admissibility of other evidence offered herewith relies on an understanding of the admissibility of the *Mejia* court's final sanctions memorandum, this Court will first consider this item. Exhibit P-142 is an October 31, 2014 Order and Judgment from a court in Missouri presiding over *Portfolio Recovery Associates LLC v. Mejia*. In its Order and Judgment, the court granted Mejia's Third Motion for Sanctions by striking PRA's pleadings and entering Judgment in favor of Mejia's counterclaims, thereafter leaving only the issue of damages for those claims to the jury.  Ex. P-142, p. 6.  In its opinion, the court found that PRA had acted in bad faith, abused the discovery process, and repeatedly violated court orders with numerous opportunities to comply.  Ex. P-142, p. 5.  The facts of *Mejia* and the court's reasoning will be instructive as to the contemplated sanctions at bar. Factually, the pattern of PRA's misconduct in *Mejia* is similar to PRA's alleged pattern here. The court pointed out that it ordered PRA to produce requested documents, PRA did not comply with that order, the court issued a second production order with the threat of severe sanctions, PRA made futile motions rather than comply, the court ordered production a third time, and PRA still did not fully comply.  Ex. P-142, p.2.  PRA's noncompliant conduct leading to the court's severe sanctions included giving evasive answers to Mejia's discovery request while actually being able to produce those particular documents, performing substantially obstructive redactions on policy and procedure manuals, and stonewalling discovery by waiting for a protective order for Mejia's social security number while PRA already knew of the number.  Ex. P-142, p.3-4.  *Mejia* offers three useful insights into the alleged discovery misconduct: (1) the misconduct here may be attributable to PRA and not to its counsel; (2) PRA's misconduct is part of a plan or strategy and not a mistake; (3) and to what extent sanctions are necessary to deter PRA from misconduct.

This Court does not find that the probative value of the admission of the *Mejia* opinion and its adjunct exhibits will be "substantially outweighed by unfair prejudice, confusing the issues, … undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  It is understandable that PRA is concerned over being punished *here* on account of conduct for which it has been punished *elsewhere* by a court.  [ECF No. 143, p. 4 ¶ 8]. There may also be a risk of prejudice if the trier of fact were to read *Mejia* as proof of PRA's misconduct. This Court is the trier of fact for the sanctions it contemplates, and it will assess PRA's misconduct in *Mejia* only to better understand the relevant facts, which essentially involve PRA's state of mind. This Court embraces its authority to review a party's relationship with other court systems in assessing possible sanctions.  *See Moody v. Miller*, 864 F.2d 1178, 1181 (5th Cir. 1989) (considering a prisoner litigant's "past history with the federal courts" as a factor in imposing sanctions.).  Thus, Plaintiff's Exhibit 142 is **ADMITTED**.

A. *The Kansas City News Article* - (Ex. P-133)

An article covering the jury award in *Mejia* will not be instructive as to Defendant's alleged discovery misconduct in this proceeding, as the jury award there did not concern discovery. Thus, Plaintiff's Exhibit 133 is **NOT ADMITTED**.

B. *Mejia Docket Entry Report* - (Ex. P-134)

The docket entry report on *Mejia* will assist this Court in organizing the facts of that entire case, which will be helpful to the Court's understanding of the *Mejia* Order and Judgment opinion issuing sanctions. The docket report merely recites the dates and basic nature of filings in *Mejia*, and thus this Court finds that its admission will not add prejudicial effect, substantially outweighing probative value, beyond that which PRA already sustains from the admission of the final opinion imposing severe sanctions.  *See Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir.

1985) ("Rule 403 should be relied on "very sparingly."").   Thus, Plaintiff's Exhibit 134 is **ADMITTED**.

      C. *Copy of Mejia's Answer to PRA's Complaint* - (Ex. P-135)

      *Mejia's* history began when PRA allegedly wrongfully sued Mejia for a debt she did not owe. A copy of Mejia's answer is irrelevant, since this Court would not find the *merits* of another case instructive as to Defendant's discovery abuses in this proceeding. Thus, Plaintiff's Exhibit 135 is **NOT ADMITTED**.

      D. *Copy of Mejia's Motion to Enforce* - (Ex. P-136)

      Mejia's Motion to Enforce contains a request to compel PRA to fully and responsively comply with her First Interrogatories and First Request for Production of Documents. This document will assist this Court in organizing the facts and conduct leading to PRA's final sanctions, and thus it is relevant. Thus, Plaintiff's Exhibit 136 is **ADMITTED**.

      E. *Copy of Mejia's Suggestions to support the Motion to Enforce* - (Ex. P-137)

      This document is the written reasoning and allegations to show the court why the Motion to Enforce, Ex. P-136, should be granted. The Suggestions and the Motion to Enforce are essentially one motion separated into two documents, but the Suggestions contain the substantive portion. Thus, Plaintiff's Exhibit 137 is **ADMITTED**.

      F. *Copy of an Order regarding discovery* - (Ex. P-138)

      A copy of a court's order compelling discovery assists this Court in determining PRA's pattern of abusive discovery conduct and unwillingness to comply with court orders. Thus, Plaintiff's Exhibit 138 is **ADMITTED**.

      G. *Copy of Mejia's Combined Suggestions* - (Ex. P-139)

      This document contains a combined set of suggestions. In it, Mejia requests that the court

sanction PRA. Thus, this document will be instructive as to the procedural history of the case. Thus, Plaintiff's Exhibit 139 is **ADMITTED**.

      H. *Copy of the court's Order sanctioning PRA* - (Ex. P-140)

      A discovery order, sanction, and threat of future sanctions by a court against PRA is instructive as to how well sanctions deter PRA from abusive discovery conduct. Thus, Plaintiff's Exhibit 140 is **ADMITTED**.

      I. *Copy of Mejia's Third Motion for Sanctions* - (Ex. P-141)

      A third motion for sanctions will instruct this Court as to whether PRA has been deterred from wrongful conduct by previous sanctions. Thus, Plaintiff's Exhibit 141 is **ADMITTED**.

      K. *Copy of the jury's instructions at trial* - (Ex. P-143)

      The jury in *Mejia* did not consider PRA's abusive *discovery* conduct in reaching its award of damages. Therefore, the jury's instructions are not relevant. Thus, Plaintiff's Exhibit 143 is **NOT ADMITTED**.

      L. *Copy of the jury award at trial* - (Ex. P-144)

      The jury did not consider PRA's abusive discovery conduct, and thus its decision is not relevant. Thus, Plaintiff's Exhibit 144 is **NOT ADMITTED**.

### III. CONCLUSION

      For the reasons stated above, Plaintiff's Exhibits P-134, P-136, P-137, P-138, P-139, P-140, P-141, and P-142 are hereby **ADMITTED** into evidence for the purpose of Plaintiff's Motion for Sanctions. Plaintiff's Exhibits P-133, P-135, P-143, and P-144 are hereby **NOT ADMITTED**.

SIGNED 09/14/2015.

Eduardo V. Rodriguez
United States Bankruptcy Judge